ORDER **
Appellant David Lee Arnette (“Ar-nette”)’s petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, is hereby dismissed as moot because this court lacks jurisdiction. Arnette is currently in custody awaiting disposition of unrelated federal bank robbery and firearms charges in United States v. Arnette, No. 08 Cr 166(MCE) (E.D.Cal.). That custody is not challenged in this appeal. Arnette here challenges his twenty-nine-month detention in the Metropolitan Detention Center (“MDC”), prior to conditional release, after he was found not guilty by reason of insanity (“NGRI”) on federal bank robbery charges. That claim became moot when he was placed in custody pending disposition of the new charges.
A case becomes moot when “it no longer presents] a case or controversy under Article III, § 2, of the Constitution.” Spencer v. Kemna, 528 U.S. 1, 7-8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). In order to satisfy the case-or-controversy requirement, the parties must have a personal stake in the outcome of the suit throughout “all stages of federal judicial proceedings.” United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir.2001). A petitioner’s release from custody does not necessarily moot an appeal. See Mujahid v. Daniels, 413 F.3d 991, 994-95 (9th Cir.2005). Some collateral consequence of the conviction must exist, however, in order for the claim to be maintained. Spencer, 523 U.S. at 7, 118 S.Ct. 978.
When a petitioner can receive no effective relief for his claim, and there remain no collateral consequences resulting from his claim, as here, the appeal is moot. Accordingly, Arnette’s appeal is hereby DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.